1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10

11   BRUCE BROWN,                         Case No. 1:20-cv-01197-AWI-EPG (PC)
12                    Plaintiff,          FINDINGS AND RECOMMENDATIONS,
                                          RECOMMENDING THAT THIS ACTION
13          v.                            BE DISMISSED WITHOUT PREJUDICE
14   CDCR,                                (ECF No. 11)
15                    Defendant.          OBJECTIONS, IF ANY, DUE WITHIN
16                                        TWENTY-ONE DAYS
17

18          Bruce Brown ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this action.  Plaintiff filed the complaint commencing this action on August 25, 2020.  (ECF

20   No. 1).  On October 19, 2020, the Court screened Plaintiff's complaint and found that it failed

21   to state any cognizable claims.  (ECF No. 10).  The Court gave Plaintiff thirty days to either:

22   "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on

23   his complaint."  (Id. at 9).

24          On November 30, 2020, Plaintiff filed his First Amended Complaint.  (ECF No. 11).

25   The Court has reviewed Plaintiff's First Amended Complaint.  As Plaintiff appears to have

26   abandoned his federal claim(s), the Court will recommend that this action be dismissed because

27   the exercise of supplemental jurisdiction over Plaintiff's state law claims is not appropriate.

28          Plaintiff has twenty-one days from the date of service of these findings and

                                          1

recommendations to file his objections.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is bringing this action against California Department of Corrections and

Rehabilitation ("CDCR") employees.  Plaintiff sues Dr. Graves-Matthews, Laura Merritt, and approximately seven Doe Defendants who prescribed Plaintiff medication.  Plaintiff brings a negligence claim and a products liability claim against these defendants.  Plaintiff suffered body damages (chest) Gynecomastia, Tardive Dyskinesia, weight gain, poor health, HBP, bad cholesterol levels, and fainting.

Attached to Plaintiff's complaint is a "Motion to Advise on Amended Complaint." (ECF No. 11, p. 4).  In the motion, Plaintiff alleges that all care and medications that could possibly cause his conditions were prescribed by CDCR staff, and that the duty to warn falls on them after the pharmaceutical company warns the psychiatrists employed by the CDCR. Plaintiff was never informed about the Gynecomastia or Tardive Dyskinesia.  Plaintiff was prescribed Zoloft, Geodon, Lexapro, Prozac, Depakote, Seroquel, and Zyprexa.  The seven Doe Defendants prescribed these drugs to Plaintiff.[1]

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

It appears that Plaintiff is only asserting state law claims.  As it appears that Plaintiff has abandoned his federal claim(s),[2] the Court finds that the exercise of supplemental jurisdiction over Plaintiff's state law claims is not appropriate.  28 U.S.C. § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise

\\\

---

[1] In the motion, Plaintiff also states that "[t]his case is about how [Plaintiff] was advised off the record when it was clear that summary judgment would be granted to Johnson & Johnson."  (ECF No. 11, p. 4).  The Court notes that it did not advise Plaintiff off the record regarding any matter in this case (or potential case) in Brown v. Johnson & Johnson, Inc., E.D. Cal., 1:17-cv-01285.

[2] It does not appear that Plaintiff is asserting any federal claims.  However, even if he is, the Court would recommend that those claims be dismissed.  A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).  Here, Plaintiff has failed to allege a causal link between any particular defendant and the alleged injuries he suffered.

Moreover, a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Here, Plaintiff's complaint does not give fair notice to any defendant regarding the constitutional claims Plaintiff may be attempting to bring against them.

jurisdiction over the remaining state-law claims'") (alteration in original) (citation omitted).[3]

Accordingly, the Court will recommend that this action be dismissed without prejudice.

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend.  In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint.  Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order.  Moreover, even if Plaintiff brought federal claim(s), the Court would recommend that they be dismissed.  Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice to Plaintiff filing this action in state court; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\
\\\

---

[3] The Court notes that Plaintiff does not allege that the Court has diversity jurisdiction over the action, and that Plaintiff is suing individuals who work, and presumably live, in California.  Thus, it appears that the Court does not have diversity jurisdiction.  28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States….").

4

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2020**           /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

5